AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 2 0 2026
AT____ O'CLOCK ____
John M. Domurad, Clerk - Plattsburgh

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

**UNITED STATES OF AMERICA**
**v.**

**Mohammed Larry SANNIE,**

**Defendant.**

Case No. 8:26-MJ-185 (GLF)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of August 17, 2026, in the county of Clinton in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 | Re-Entry of a Previously Removed Alien |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

Amanda L Harvey 12:10pm 8/19/26
*Complainant's signature*

U.S. Border Patrol Agent Amanda L. Harvey
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rues of Criminal Procedure.

Date: Aug. 20, 2026

Gary L. Favro
*Judge's signature*

City and State: Plattsburgh, New York

Hon. Gary L. Favro, U.S. Magistrate Judge
*Printed name and title*

*United States of America v* **Mohammed Larry SANNIE**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Amanda L. Harvey, hereby depose and state under penalty of perjury:

1. I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP) assigned to the Burke (BKB) Border Patrol Station. I have been a Border Patrol Agent since April 2011. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agents authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico in Law, Operations, Firearms, Driving Techniques, and Physical Techniques. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases. It does not set forth all of my knowledge about the investigation.

2. I submit this affidavit in support of a criminal complaint charging defendant Mohammed Larry SANNIE with violating 8 U.S.C. § 1326, which prohibits an alien who has previously been denied admission, excluded, deported, or removed from the United States, or who departed the United States while an order of exclusion, deportation, or removal was outstanding, from thereafter entering, attempting to enter, or being found in the United States.

### Probable Cause

3. On August 17, 2026, Border Patrol Agents (BPA) assigned to the Burke Border Patrol Station (BKB) observed a white Dodge Durango bearing Virginia registration SUA-5692 traveling northbound on Lost Nations Road in Churubusco, New York. At approximately 10:50 p.m., agents detected the vehicle via

electronic surveillance equipment in the vicinity of Shee Woods Road. The Shee Woods Road area is remote and located approximately 0.25 miles south of the United States-Canada international boundary. Border Patrol agents assigned to the BKB Station have previously apprehended individuals involved in numerous smuggling events in this area due to its remoteness and close proximity to the international boundary.

4. At approximately 10:53 p.m., agents detected the Dodge Durango departing the immediate border area and traveling toward State Route 11. Based on the vehicle's movements, the location and time of night, the area's proximity to the international boundary, and agents' knowledge and experience with prior smuggling activity in the area, agents believed the vehicle's activity was consistent with a potential smuggling event. Agents subsequently responded to known points of egress from the area in an effort to locate and intercept the Dodge Durango.

5. Agents responded to the intersection of State Route 11 and Lost Nations Road in the Town of Churubusco, New York, when they observed a white Dodge Durango cross State Route 11 and continue southbound onto Ryan Road. As the vehicle passed, agents observed that the vehicle's suspension appeared noticeably compressed, consistent with the vehicle carrying a heavy load.

6. Agents followed the Dodge Durango southbound on Ryan Road and observed that it displayed Virginia registration SUA-5692, which matched the registration of the vehicle agents had observed traveling to and from the immediate border area minutes earlier. Agents then activated their emergency equipment and initiated a vehicle stop to conduct an immigration inspection on Ryan Road. The Dodge Durango yielded and came to a stop.

7. As Agents approached the vehicle, they observed a driver and front-seat passenger inside. Agents identified themselves as United States Border Patrol Agents and questioned the occupants regarding their citizenship and immigration status. During this interaction, agents observed what appeared to be four human-shaped silhouettes reclined in the rear passenger compartment of the vehicle.

8. Because the stop occurred during the hours of darkness and agents could not clearly see or identify the additional occupants, agents instructed the driver to lower the rear passenger window for officer safety. The driver appeared hesitant and initially lowered the rear passenger window only approximately one-quarter of the way. Agents issued multiple instructions for the driver to lower the window completely before the driver complied. Once the window was lowered, agents observed four individuals reclined in the rear seat of the vehicle.

9. During the encounter, the driver, later identified as U.B.B., stated that he was a citizen of Spain and claimed to be lawfully present in the United States. U.B.B. further stated that he resided in the Bronx, New York, and was traveling to Plattsburgh, New York, but had become lost.

10. Agents observed that the four passengers in the backseat and one passenger in the front seat inside the Dodge Durango were wearing wet and muddy clothing. When questioned regarding their citizenship and immigration status, all five passengers, later identified as A.A., M.B., P.E., S.G., and Mohammed Larry SANNIE, stated that they were not citizens of the United States and did not possess lawful status permitting them to enter, remain in, or pass through the United States. All subjects were arrested and transported to the Burke Border Patrol Station for record checks, interviews, and processing.

11. At the station, biographical information and fingerprints were entered into Department of Homeland Security databases for all six subjects. Records checks found that the driver, U.B.B., applied for a "U-Visa" but does not have status in the United States. The remaining five individuals also do not have status in the United States. It was further determined that SANNIE has a previous immigration deportation and has re-entered the United States. Records checks confirmed that SANNIE was ordered removed on 01/13/2015 by an Immigration Judge in Buffalo, New York. On 09/30/2019, SANNIE was removed via the Peace Bridge in Buffalo, NY to Canada.

**Conclusion**

12. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendant with Re-Entry of Removed Alien, in violation of 8 U.S.C. § 1326.

Amanda L. Harvey 12:10 8/19/26

Amanda L. Harvey
United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: Aug. 20, 2026

Gary L. Favro

Hon. Gary L. Favro
United States Magistrate Judge